```
1  McGREGOR W. SCOTT
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5  Attorneys for the United States
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18−CV−00774-KJM−CKD |
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| REAL PROPERTY LOCATED AT 7661 FEY WAY, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 132-2450-006-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 9268 TROUT WAY, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 116-1470-018-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |
| REAL PROPERTY LOCATED AT 9185 GRANT LINE ROAD, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 134-0460-004-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendants. | |

The United States and Claimants Rihui Zheng, Yu Ting Zheng, Dennis Guy Wentz and Laura Jane Wentz, Kenneth A. Forman and Yehuda Ashouri, and PS Funding, Inc., through their respective

counsel, hereby stipulate that a stay is necessary in the above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal cases, United States v. Leonard Yang, et al., Case 2:16-CR-00189-KJM and United States v. Xiu Ping Li, et al., Case No. 2:17-CR-00136-KJM, and ongoing criminal investigation into marijuana grows at the defendant properties.

1. This is a forfeiture *in rem* action against three properties pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) and 21 U.S.C. §§ 881(a)(6) and 881(a)(7) because they were allegedly used to commit or facilitate violations of federal drug and money laundering laws:

    a. Real Property located at 7661 Fey Way, Elk Grove, California, the "*Defendant Fey Way.*" Rihui Zheng has filed a claim asserting an ownership interest in defendant Fey Way. PS Funding, Inc. filed a claim asserting a lienholder interest in defendant Fey Way.

    b. Real Property located at 9268 Trout Way, Elk Grove, California, the "*Defendant Trout Way.*" Dennis Guy Wentz and Laura Jane Wentz filed a claim asserting a lienholder interest in defendant Trout Way. No other party has filed a claim asserting an interest in defendant Trout Way.

    c. Real Property located at 9185 Grant Line Road, Elk Grove, California, the "*Defendant Grant Line Road*". Yu Ting Zheng has filed a claim asserting an ownership interest in defendant Grant Line Road. Kenneth A. Forman and Yehuda Ashouri filed a claim asserting a lienholder interest in defendant Grant Line Road.

3. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant properties were used and intended to be used to commit or facilitate violations of federal drug laws in violation of 21 U.S.C. §§ 841 *et seq*. Claimants deny these allegations.

4. To date, several individuals have been charged with federal crimes related to marijuana manufacturing and distribution in two related cases, United States v. Leonard Yang, et al., Case 2:16-CR-00189-KJM and United States v. Xiu Ping Li, et al., Case No. 2:17-CR-00136-KJM. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the drug trafficking involving the defendant properties. Nevertheless, the United States intends to depose claimants (and others) regarding their ownership of the defendant properties, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant

properties, as well as the circumstances behind the purchase of the properties. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant properties, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

5. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Drug Enforcement Administration and the Internal Revenue Service – Criminal Investigation. Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

6. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal cases. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

7. If any of the defendant properties go into default, the parties reserve the right to seek all avenues of redress to preserve the real properties, including filing a motion for interlocutory sale or seeking a receiver appointment to collect rents and maintain the properties.

Dated: 7/27/2018     McGREGOR W. SCOTT
                     United States Attorney

               By:   /s/ Kevin C. Khasigian
                     KEVIN C. KHASIGIAN
                     Assistant U.S. Attorney

Dated: 7/31/18       /s/ Eric R. Olah
                     ERIC R. OLAH
                     Attorney for Claimant PS Funding, Inc.
                     (Authorized by email)

Dated: 7/30/18       /s/ Dennis Doss
                     DENNIS DOSS
                     Attorney for Claimants Dennis Guy Wentz and
                     Laura Jane Wentz
                     (Authorized by email)

3

| | | |
|---|---|---|
| Dated: 8/1/18 | /s/ Larissa A. Branes | |

LARISSA A. BRANES
Attorney for Claimants Kenneth A. Forman and Yehuda Ashouri
(Authorized by email)

Dated: 7/31/18                                   /s/ Linda M. Parisi

LINDA M. PARISI
Attorney for Claimants Rihui Zheng and Yu Ting Zheng
(Authorized by email)

**ORDER**

For the reasons set forth above, this matter is stayed under 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of companion criminal cases. The parties shall file a joint status report within 30 days of the conclusion of the parallel criminal cases, or as the court deems appropriate.

IT IS SO ORDERED.

DATED:  August 6, 2018.

_____
UNITED STATES DISTRICT JUDGE